UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEHMAN COMMERCIAL PAPER, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEABOARD, INC., a Washington corporation; MICHAEL R. MASTRO and JANE DOE MASTRO, husband and wife and their marital community; MICHAEL K. MASTRO and JANE DOE MASTRO, husband and wife and their marital community,<br><br>Defendants. | Case No.  C04-5410RJB<br><br>ORDER |

This matter comes before the Court on Defendants Seaboard Inc., Michael R. Mastro and Michael K. Mastro's ("Seaboard and the Mastros") Motion to Compel Discovery. Dkt. 81.  The Court has reviewed the motion and response, and the remainder of the record herein.

### I.   FACTS

In February of 2003, Lehman filed a civil action in Pierce County Superior Court to recover amounts due under certain equipment finance leases, and Seaboard and the Mastros claimed an offset of the lease balances against a purported $3 million loan to T & W, Lehman's predecessor in interest.  Dkt. 1, Second Amended Complaint.  Lehman contends that, during the course of discovery, it became apparent that the Mastros and Eric deGooyer were involved in a fraudulent scheme to support the alleged offset.  *Id.*

ORDER
Page - 1

In March and April of 2004, Seaboard and the Mastros paid Lehman (based on an accounting provided by Lehman) the outstanding balances on the leases. *Id.* at 7.

On April 30, 2004, Lehman filed a Second Amended Complaint for Treble Damages Pursuant to 18 U.S.C. § 1961 et seq., the Racketeering Racketeer Influenced and Corrupt Organizations Act in state court. *Id.* Seaboard and the Mastros removed this action to federal court, and filed a counterclaim in July of 2004. Dkts. 1 and 7. Lehman's Second Amended Complaint was dismissed on December 20, 2004. Dkt. 75. Seaboard and Mastros' counterclaim, for overpayment and other legal claims relating to the March 2004 payment, are the only remaining issues in this case.

Seaboard and the Mastros' now bring a motion to compel discovery. Dkt. 81. Both parties agree that a majority of the discovery issues in this motion have been resolved. Dkts. 90 and 94. There are two remaining issues: 1) Interrogatory No. 4 and Request for Production No. 7, concerning the accounting of how Lehman applied the March and April 2004 payoff, and 2) interrogatory No. 10 and Request for Production No. 14, concerning Lehman's policy of denying credit for security deposits where a lessee fails to provide proof of payment. *Id.*

## II. **DISCUSSION**

Fed. Rule of Civ. Pro. 26(b)(1) provides,

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Seaboard and Mastros' Interrogatory No. 4 and Request for Production No. 7, concerning the accounting of how Lehman applied the March and April 2004 payoff was sufficiently answered by Lehman. Lehman answered that the funds went into it's general account and that there was no way to trace the use of the funds. Dkt. 82 Ex. B, at 9. Further inquiry is irrelevant to the issues before the Court. Seaboard and Mastros' motion to compel should be denied as to this issue.

Interrogatory No. 10 and Request for Production No. 14, concerning Lehman's policy of denying credit for security deposits is relevant to the remaining counterclaim. Seaboard and Mastro are entitled to explore Lehman's stated defense that it has a policy of denying credit for security deposits where the lessee

fails to provide proof of the deposit. Seaboard and Mastros' motion to compel should be granted as to this issue.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Seaboard and Mastros' Motion to Compel (Dkt. 81) is **GRANTED IN PART AND DENIED IN PART** to the extent stated herein.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of May, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge